**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUL 1 4 2008

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| DENNIS LAMAR BROWN, CYNTHIA LYNN BROWN, and STEPHENNIE LORETTA SMITH, Plaintiffs, | } } } } } |
| vs. | } } |
| DOUGLAS COUNTY; PHIL MILLER, individually and in his official capacity as Sheriff for Douglas Douglas County Sheriff's Department; ROBERT SMITH, individually and in his official capacity as Deputy for Douglas County Sheriff's Department; TRENT WILSON, individually and in his official capacity as Investigator for Douglas County Sheriff's Department, Defendants. | } } } } } } } } } } } } } |

1 : 0 8 - C V - 2 2 6 8



## COMPLAINT FOR CIVIL RIGHTS VIOLATIONS

COMES NOW Plaintiffs, Dennis Lamar Brown, Cynthia L. Brown, and Stephennie Loretta Smith, do hereby file this complaint in tort for damages and show the Court the following:

## JURISDICTION & VENUE

1.

Jurisdiction is conferred upon this Court by 28 U.S.C. §§1332 and 1367, 42 U.S.C. §2000 et seq., 42 U.S.C. § 1983 and pursuant to those rights, privileges and

immunities as secured by the Fourth Amendment and Fourteenth Amendment to the United States Constitution and Article I. §I of the Georgia Constitution (pendent jurisdiction).

2.

The Defendants' action as complained of herein occurred in Douglas County, Georgia; venue is proper in this Court.

## **PARTIES**

3.

At the time of the events giving rise to this lawsuit, Plaintiffs, Dennis L. Brown, Cynthia Lynn Brown and Stephennie L. Smith, were residents of Douglas County, Georgia.

4.

Plaintiff, Dennis L. Brown, has been a minister of the gospel for 6 years. He is the husband of Plaintiff, Cynthia Lynn Brown and the Uncle of Plaintiff, Stephennie Loretta Smith.

5.

Defendant, Douglas County, may be served through its agent, Tom Worthan, Douglas County Commissioner, 8700 Hospital Drive, Douglasville, Georgia 30134.

2

6.

At the time of the events giving rise to this lawsuit, Defendant, Phil Miller (hereinafter, "Sheriff Miller") was acting individually and in his official capacity as Sheriff for Douglas County Sheriff's Department. He may be served at Douglas County Sheriff's Department, 6856 Broad Street, Douglasville, Georgia 30134.

7.

At the time of the events giving rise to this lawsuit, Defendant, Robert Smith (hereinafter, "Deputy Smith") was acting individually and in his official capacity as Deputy for Douglas County Sheriff's Department. He may be served at Douglas County Sheriff's Department, 6856 Broad Street, Douglasville, Georgia 30134.

8.

At the time of the events giving rise to this lawsuit, Defendant, Trent Wilson (hereinafter, "Wilson") was acting individually and in his official capacity as Investigator for Douglas County Sheriff's Department. He may be served at Douglas County Sheriff's Department, 6856 Broad Street, Douglasville, Georgia 30134.

9.

At the time of the events giving rise to this lawsuit, Sheriff Miller was acting jointly and separately in the discharge of his duties and with the express authority of Douglas County and Douglas County Sheriff's Department.

10.

At the time of the events giving rise to this lawsuit, Deputy Smith was acting jointly and separately in the discharge of his duties and with the express authority of Douglas County and Douglas County Sheriff's Department.

11.

At the time of the events giving rise to this lawsuit, Inv. Wilson was acting jointly and separately in the discharge of his duties and with the express authority of Douglas County and Douglas County Sheriff's Department.

## **FACTUAL ALLEGATIONS**

12.

On July 13, 2006, Plaintiff, Dennis Brown, went to the home of Tracy Cassell and personally served her with a legal witness subpoena.

13.

Deputy Smith was present at the home of Ms. Cassell when Brown served the subpoena.

4

14.

Several hours later, Plaintiff, Dennis Brown, went to the home of Esten and Helen Smith and personally served them with a legal witness subpoena.

15.

Plaintiff, Stephennie Smith, accompanied Plaintiff, Dennis Brown, when he served the subpoena on Ms. Cassel; however, she did not assist him in serving the parties.[1]

16.

In the afternoon of July 15, 2006, two Paulding County deputies arrived at the home of Plaintiffs, Dennis Brown and Cynthia Brown, to affect an arrest warrant charging Mr. Brown and Stephennie Smith with aggravated stalking.

17.

Present in the home were Plaintiffs, Dennis Brown, Cynthia Brown, Stephennie Smith, and Mr. and Mrs. Brown's two minor children.

18.

The deputies arrested Plaintiffs, Dennis Brown and Stephennie Smith for aggravated stalking.

---

[1] At this time, Deputy Robert Smith and Plaintiff Stephennie Smith were married, but were in divorce proceedings. Plaintiff Brown was delivering the witness subpoena for the parties to give testimony in the divorce proceedings.

19.

Plaintiff, Cynthia Brown, and their two minor children observed the arrests, and the children cried hysterically as Mr. Brown was carried off.

20.

The deputies transported Plaintiffs, Dennis Brown and Stephennie Smith, to the Paulding County Jail, where they were put in the holding cell, separately.

21.

Sometime thereafter, Douglas County deputies picked Plaintiffs up and transported them to the Douglas County Jail, where they were booked for aggravated stalking.

22.

Plaintiff, Dennis Brown is diabetic.

23.

While incarcerated, Plaintiff Brown was repeatedly denied his medication and a diabetic meal.

24.

Douglas County Jail, inmates joked about Plaintiff Brown's diabetic condition.

6

25.

Plaintiff, Stephennie Smith, was placed in an area where males were housed, during which deputies permitted the male inmates to walk around and look into Plaintiff's cell.

26.

The male inmates yelled and cursed at Plaintiff Smith as they looked into her cell.

27.

During Plaintiffs', Dennis Brown and Stephennie Smith's, bond hearing on July 16, 2006, Deputy Robert Smith and Inv. Wilson falsely testified, before Judge Susan Camp, that Plaintiffs stalked Deputy Robert Smith.

28.

Despite their accusations, Inv. Wilson and Deputy Smith did not issue or cause a Temporary Protective Order (TPO) to be issued against Plaintiffs, Dennis Brown and Stephennie Smith.

29.

Acknowledging that Dennis Brown had never been in trouble and Defendants had not issued or caused a TPO to be issued against Mr. Brown, Judge Camp reduced the aggravated stalking charges to stalking misdemeanor.

30.

Defendants would not release Plaintiff, Stephennie Smith, until her and Defendant, Deputy Smith, signed an agreement on visitation.

31.

Plaintiff, Stephennie Smith, was released the morning of July 17, 2006.

32.

On or about September 14, 2006, the stalking chargers were dropped against Plaintiff, Stephennie Smith.

33.

After Deputy Robert Smith learned that the stalking charges had been dropped on Stephennie Smith, he had Inv. Wilson to reinstate the charges against her.

34.

Based on Deputy Robert Smith's and Inv. Wilson's affidavits, the Office of the District Attorney presented Stephennie Smith's case to the Grand Jury for indictment, on or about October 6, 2006.

35.

On or about November 14, 2006, the charges were dropped against Plaintiffs, Dennis Brown and Stephennie Smith.

8

36.

However, before the charges were dropped on Plaintiff, Stephennie Smith, she was required to sign divorce settlement papers, giving Defendant, Deputy Robert Smith, custody of their children.

37.

As a result of the charges, Plaintiffs, Dennis Brown and Stephennie Smith, were assessed a bond in the amount of $1,000.00 each.

38.

As part of the probation condition, Plaintiffs, Brown and Smith, were required to report to A-1 Bonding Company, every two weeks.

39.

The movements of Plaintiffs, Dennis Brown and Stephennie Smith, were restricted from the time they were incarcerated to the time the charges against them were dropped.

40.

As a result of the Defendants' conduct or failure to act, Plaintiff, Dennis Brown, is receiving psychological treatment for emotional distress.

41.

As a result of the Defendants' conduct or failure to act, each Plaintiffs have experienced and continue to experience emotional distress and humiliation.

## FEDERAL CLAIMS

### COUNT ONE
### MALICIOUS PROSECUTION
### (Against All Defendants)

Plaintiffs incorporate by reference all the allegations contained in paragraph 1 through 40, as specifically plead therein.

### 42.

On or about July 15, 2006, Plaintiffs, Dennis Brown and Stephennie Smith, were arrested, without probable cause, and subsequently prosecuted pursuant to the issuance of a warrant, accusation or summons.

### 43.

On or about July 15, 2006, Defendant, Deputy Robert Smith, did falsely and maliciously swear to an affidavit and caused Douglas County to charge Plaintiffs, Brown and Smith, with aggravated stalking when there was no probable cause for Plaintiffs' arrest.

### 44.

Deputy Smith knew or should have known that Plaintiffs did not commit aggravated stalking.  His actions were motivated by malice and made with the intent to injure Plaintiffs.

45.

On or about July 15, 2006, Defendant, Inv. Wilson, failed to fully and impartially investigate the facts leading to the arrest of Plaintiffs, Dennis Brown and Stephennie Smith.

46.

Inv. Wilson knew or should have known that Plaintiffs did not commit aggravated stalking. His actions were motivated by malice and made with the intent to injure Plaintiffs; or he was negligent.

47.

The making and procuring of the affidavit, and the ensuing criminal prosecution of Plaintiffs, was without probable cause, made with malice and the intent to injure Plaintiffs.

48.

Consequently, termination of the prosecution was in favor of Plaintiffs.

49.

The actions of Sheriff Miller, Deputy Robert Smith and Inv. Trent Wilson were in violation of clearly established statutory or constitutional right of which a reasonable officer should have known.

11

50.

Defendants' actions were motivated by a police department and County Government that systemically perpetuates police misconduct.

51.

Douglas County and Sheriff Miller knew or should have known about the police misconduct, and the necessity to provide adequate training and discipline, to prevent illegal prosecution of citizens.

52.

Douglas County and Sheriff Miller were negligently, recklessly and deliberately indifferent in failing to train, instruct, supervise, discipline and/or control the Defendants, and that failure was the moving force behind the Defendants' misconduct, in general, and the illegal prosecution of Plaintiffs, Dennis Brown and Stephennie Smith.

53.

Douglas County and Sheriff Miller were the final decision-makers for any policy, practice, custom or procedure, which was a factor for Defendants' illegal prosecution of Plaintiffs.

54.

This policy, practice, custom or procedure was developed with negligent gross and deliberate indifference to the falsity, including repeated failures to follow proper procedures for arresting and procuring an arrest.

## COUNT TWO
## FALSE ARREST/IMPRISONMENT
### (Against All Defendants)

55.

Plaintiffs incorporate by reference all the allegations contained in paragraphs 1 through 54, as specifically plead therein.

56.

Defendants, Deputy Robert Smith and Inv. Wilson, arrested and/or caused Plaintiffs, Dennis Brown and Stephennie Smith, to be arrested and, prosecuted, without a warrant and probable cause, and continually seized until the time the charges were dropped against Plaintiffs.

57.

The actions of the Defendants and/or their failure to act deprived Plaintiffs of their right to be secure in their persons and to be free from unreasonable searches and seizures as protected by the Fourth Amendment of the United States Constitution.

58.

The actions of the Defendants and/or their failure to act deprive Plaintiffs, Dennis Smith and Stephennie Brown, of their liberty right to be free from illegal restraint as protected by the Fourteenth Amendment of the United States Constitution.

59.

The actions of Sheriff Miller, Deputy Smith and Inv. Wilson were in violation of clearly established statutory or constitutional right of which a reasonable officer should have known.

60.

Douglas County deputies have a widespread practice and custom of arresting citizens without probable cause.

61.

Douglas County and Sheriff Miller knew or should have known about the systemic police misconduct, and the necessity to provide adequate training and discipline, to prevent future illegal arrest and detention.

62.

Douglas County and Sheriff Miller were negligently, recklessly and deliberately indifferent in failing to train, instruct, supervise, discipline and/or control the Defendants, and that failure was the moving force behind the

14

Defendants' misconduct, in general, and the illegal arrest and imprisonment of Plaintiffs.

63.

Douglas County and Sheriff Miller were the final decision-makers for any policy, practice, custom or procedure, which was a factor for Defendants' illegal arrest and detention of Plaintiffs.

64.

This policy, practice, custom or procedure was developed with negligent gross and deliberate indifference to the falsity, including repeated failures to follow proper procedures for arresting and procuring an arrest and detention.

## COUNT THREE
## FREE SPEECH RETALIATION
## (Against All Defendants)

65.

Plaintiffs incorporate by reference all the allegations contained in paragraphs 1 through 64, as specifically plead therein.

66.

Defendant, Deputy Robert Smith prosecuted Plaintiffs, Dennis Brown and Stephennie Smith, and/or caused their prosecution because Plaintiff Brown served the subpoena upon Ms. Cassel and Mr. and Mrs. Smith to testify at a hearing

concerning divorce proceedings between Plaintiff, Stephennie Smith and Defendant, Deputy Robert Smith.

67.

Inv. Wilson assisted Deputy Smith in furthering the prosecution of Plaintiffs, Brown and Smith, with knowledge that the aggravated stalking charge was false.

68.

Deputy Smith and Inv. Wilson's actions were retaliatory in nature.

69.

The actions of Sheriff Miller, Deputy Smith and Inv. Wilson were in violation of clearly established statutory or constitutional right of which a reasonable officer should have known.

70.

Douglas County deputies have a widespread practice and custom of prosecuting and/or pursuing prosecution against individuals for exercising their First Amendment rights.

71.

Douglas County and Sheriff Miller knew or should have known about the police misconduct, and the necessity to provide adequate training and discipline, to prevent future free speech violations.

16

72.

Douglas County and Sheriff Miller were negligently, recklessly and deliberately indifferent in failing to train, instruct, supervise, discipline and/or control the Defendants, and that failure was the moving force behind the Defendants' misconduct, in general, and the retaliation against Plaintiff Brown for exercising his free speech.

73.

Douglas County and Sheriff Miller were the final decision-makers for any policy, practice, custom or procedure, which was a factor for Defendants' retaliatory conduct.

74.

This policy, practice, custom or procedure was developed with negligent gross and deliberate indifference to the falsity, including repeated failures to follow proper procedures for arresting and procuring an arrest and detention.

## STATE CLAIMS

## COUNT FOUR
## DEFAMATION
### (Against All Defendants)

75.

Plaintiffs incorporate by reference all the allegations contained in Paragraphs 1 through 74, as specifically contained therein.

17

76.

Defendants made and/or caused false and malicious statements about the Plaintiffs, Dennis Brown and Stephennie Smith, to be expressed both orally and in writing.

77.

Such statements were published by the Defendants, and/or Defendants caused the same to be published, and tended to injure and did injure the religious and professional reputation of the Plaintiffs, Dennis Brown and Stephennie Smith, and exposed them to public contempt, humiliation, and ridicule.

78.

As a result of Defendants' actions, the reputation and good name of Brown and Smith have been damaged by reason of their arrest, continual seizure, and defamation.

## COUNT FIVE
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against All Defendants)

79.

Plaintiffs incorporate by reference all the allegations contained in Paragraphs 1 through 78, as specifically contained therein.

80.

The conduct of Defendants was intentional, reckless, extreme and outrageous and caused Plaintiffs emotional distress, humiliation and ridicule.

81.

As a result of Defendants' actions or failure to act, Plaintiffs, Dennis Brown and Stephennie Smith, were illegally incarcerated, were frightened and distressed over what might happen to them while they were incarcerated.

82.

Plaintiff, Cynthia Smith, was distressed over the illegal arrest, her husband's diabetic condition while incarcerated, and what might happen to him and her niece (Plaintiff, Stephennie Smith).

83.

Plaintiff, Dennis Brown, was distressed over his diabetic condition; whether he would experience a diabetic illness as a result of the non diabetic meals he was served and as a result of being repeatedly denied his medication.

84.

As a result of Defendants' actions, Plaintiff, Brown, is receiving professional treatment.

85.

As a result of Defendants' actions, Plaintiffs have been damaged in a sum in excess of $100,000.00

WHEREFORE, Plaintiffs respectfully request the following:

a)  Damages for pain and suffering in an amount to be proved at trial;

b)  Compensation for damage to reputation in an amount to be proved at trial;

c)  Punitive damages in an amount to be proved at trial for malicious acts of the Defendants;

d)  Compensation for attorney fees in defending the above mention charges, and

e)  For all other and further relief as the Court deems proper.

Submitted this 14th day July 2008.

Lucinda Perry
Georgia Bar No. 402509
Attorney for Plaintiffs

6519 Spring Street, Ste. B
Douglasville, Georgia 30134
770-874-2994
advocate.lucinda@gmail.com